IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MICHAEL JARROW, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:21-CV-227-Z-BR |
| | § | |
| TERA N. DEVERS, | § | |
| | § | |
| Defendant. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION TO DISMISS COMPLAINT AS THREE STRIKES BARRED

This is a civil rights action brought by Michael Jarrow, a Texas inmate appearing *pro se*, against state employees pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate confined in the Clements Unit of TDCJ in Amarillo, Texas. Plaintiff was allowed to proceed *in forma pauperis*. (ECF 7). While incarcerated, Plaintiff has filed at least three prior civil actions that were dismissed as frivolous or for failure to state a claim. Plaintiff has not shown that at the time of the filing of this lawsuit, he was "under imminent danger of serious physical injury." Therefore, it is recommended that this action be dismissed as barred by the three-strike provision of 28 U.S.C. § 1915(g).

The PLRA, enacted into law on April 26, 1996, amended 28 U.S.C. § 1915 as it relates to civil actions filed by prisoners in federal court. Among the changes effected by the PLRA was the inclusion of 28 U.S.C. § 1915(g), also known as the "three-strike" provision. Section 1915(g) precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, he filed civil actions or appeals in federal court which were dismissed, either by a district court or appellate court, as being frivolous, malicious, or for failing to state a claim. *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007). When a district court dismisses a case as frivolous or for failure to state a claim, such a dismissal counts as a "strike" under 1915(g) once the judgment becomes final. *See Adepegba v. Hammons*, 103 F.3d 383, 387-

88 (5th Cir. 1996). A district court's dismissal is final when the prisoner has exhausted avenues of appeal or has waived any appellate rights. *Id*.

A prisoner is barred from proceeding *in forma pauperis* if he is subject to the "three-strike" provision "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). The complaint must present a claim that Plaintiff is in danger of imminent serious physical injury to overcome the bar. *See Carson v. Johnson*, 112 F.3d 818, 822-823 (5th Cir. 1997). In applying the "three-strike" provision of 1915(g), a court may consider case dispositions that occurred prior to the effective date of the PLRA. *See Adepegba*, 103 F.3d at 387-88. A review of the Public Access to Court Electronic Records ("PACER") and the Sanction Database reflects that Plaintiff has had at least three prior actions dismissed with prejudice as frivolous or for failure to state a claim, as outlined herein; thus, Plaintiff is barred from proceeding *in forma pauperis* as he requests.

A review of PACER reflects that Plaintiff had the following prior actions dismissed with prejudice as frivolous or for failure to state a claim:

   a. No. 6:21-CV-1280 (W.D. Tex. Waco Division) (dismissed on February 4, 2022 for failure to state a claim – appeal affirmed on October 13, 2022);

   b. No. 6:21-CV-1281 (W.D. Tex. Waco Division) (dismissed on February 7, 2022 for failure to state a claim – appeal affirmed on October 7, 2022); and

   c. No. 6:21-CV-1282 (W.D. Tex. Waco Division) (dismissed on February 4, 2022 for failure to state a claim – no appeal taken).

Although Plaintiff accrued each of his three strikes after the initiation of this case, § 1915(b) considers the filing of three or more frivolous lawsuits to be *per se* abuse by a frivolous litigant. *See generally Green v. Carlson*, 649 F.2d 285 (5th Cir. 1981). To be sure, Plaintiff is the very definition of an abusive litigant – he has initiated no fewer than 14 separate cases against unique defendants in the last 36 months. Such an extended period of frivolous litigation, even though Plaintiff was not formally assigned strikes, constitutes "prior occasions" of abuse under § 1915(g).

*Coleman v. Tollefson*, 575 U.S. 532 (2015). To conclude otherwise would undermine the purpose of the three strikes provision.

## RECOMMENDATION

For the above reasons, it is the recommendation of the undersigned that the complaint filed by Plaintiff be dismissed as barred by the three strikes provision of 28 U.S.C. § 1915(g).[1] This recommendation is without prejudice to Plaintiff's right to reopen the case if he pays the $402.00 filing and administrative fees and files a motion to reopen within thirty days of the date of final judgment.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED July 18, 2023.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d

---

[1] The Court is aware that Plaintiff maintains multiple other civil rights claims at the present time. See 2:21-CV-23, 2:21-CV-46, 2:21-CV-65, 2:21-CV-69. 2:21-CV-83, 2:21-CV-123, 2:21-CV-158, 2:21-CV-200, 2:21-CV-208, 2:21-CV-227. However, pauper status was granted to Plaintiff in those cases before he became a three striker. For that reason, those cases will continue to proceed.

1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).